IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United Ohio Insurance Company,<br>1725 Hopley Avenue<br>P.O. Box 111<br>Bucyrus, OH 44820<br><br>Plaintiff,<br><br>v.<br><br>J. Carr Rental Property, LLC<br>17651 S. Canaan Road<br>Athens, OH 45701<br><br>and<br><br>Jeremy Carr<br>17651 S. Canaan Road<br>Athens, OH 45701<br><br>and<br><br>Joie Carr<br>17651 S. Canaan Road<br>Athens, OH 45701<br><br>and<br><br>United States of America<br>Housing and Civil Enforcement Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue NW – 4CON<br>Washington, DC 20530<br><br>Defendants. | : | Case No. 2:25-cv-00591<br><br>Judge: Michael H. Watson<br><br>Magistrate Judge: Deavers |

**PLAINTIFF UNITED OHIO INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY JUDGMENT**

Now comes Plaintiff, United Ohio Insurance Company (hereinafter "United Ohio"), by and through counsel, and for its Complaint for Declaratory Judgment against Defendants, hereby states as follows:

**PARTIES AND JURISDICTION**

1. United Ohio is a corporation organized under the laws of the State of Ohio with its principal place of business in Bucyrus, Ohio.

2. Defendant J. Carr Rental Property, LLC is a limited liability company for profit, organized and existing under the laws of the State of Ohio, with its principal place of business in Athens, Ohio.

3. Defendants Jeremy Carr and Joie Care are residents of Athens County, Ohio.

4. This Court has personal jurisdiction over the Carr Defendants as they are residents of Ohio.

5. This Court has personal jurisdiction of J. Carr Rental Property, LLCC which is duly authorized to conduct business in the State of Ohio and is registered with the Ohio Secretary of State.

6. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as this matter involves an action involving the United States of America and claims against the Carr Defendants under Fair Housing.

7. This Court has power to grant the relief sought in this action pursuant to 28 U.S.C. §2201.

**RELEVANT FACTS**

8. United Ohio issued Policy No. CPP 0018978 to J. Carr Rental Property, LLC for consecutive one-year periods from January 15, 2020 to January 15, 2021 (Exhibit 1). Policy

No. CPP 0018978 was thereafter renewed for consecutive one-year periods from January 15, 2021 to January 15, 2022; January 15, 2022 to January 15, 2023; January 15, 2023 to January 15, 2024; and January 15, 2024 to January 15, 2025.

9. Defendant United States of America filed a Second Amended Complaint on September 17, 2024 in Case No. 2:23-ccv-2813 in the U.S. District Court for the Southern District of Ohio, Eastern Division against Jeremy Carr and Joie Carr, amongst others, alleging claims under the Fair Housing Act related to acts of sex discrimination and sexual harassment of actual or prospective female tenants at rental property or properties owned by Jeremy Carr and Joie Carr ("the Underlying Litigation") perpetrated by Joseph Earl Lucas.

10. Generally, the Underlying Litigation arises out of allegations that certain actual or prospective tenants were aggrieved by Defendants' discriminatory conduct for many years at various rental properties managed by Joseph Earl Lucas, including at least one rental property owned by Joie and Jeremy Carr.

11. In the Underlying Litigation, the United States of America alleges that "Defendant Joseph Earl Lucas's discriminatory housing practices... occurred within the scope of his agency relationship with Defendants ... Joie Carr, and Jeremy Carr, and were aided by the existence of that agency relationship" and is thus liable to the United States of America and those aggrieved by Joie and Jeremy Carr's discriminatory conduct under the Fair Housing Act. The United States of America further alleges that Joie and Jeremy Carr's "conduct, as described in [the Second Amended Complaint], was intentional, willful and taken in reckless disregard of the rights of others."

12. Joie and Jeremy Carr seek coverage under the United Ohio Policies as insureds for the claims asserted against it by the United States of America in the Underlying Litigation.

13. United Ohio has and continues to defend Joie and Jeremy Carr in the underlying litigation subject to a complete reservation of rights.

14. United Ohio does not believe that it has a duty to defend and/or indemnify Joie and Jeremy Carr under the United Ohio Policies for some or all of the claims asserted against them by the United States of America in the Underlying Litigation.

15. An actual and substantial controversy exists between Joie and Jeremy Carr and United Ohio as to whether the United Ohio Policies provide coverage to Joie and Jeremy Carr in the Underlying Litigation. Such controversies require a declaration of the respective rights and responsibilities of United Ohio and Joie and Jeremy Carr under the United Ohio Policies.

**COUNT I – DECLARATORY JUDGMENT AGAINST JOIE AND JEREMY CARR**

16. United Ohio incorporates by reference Paragraphs 1 through 12 above as if fully rewritten herein.

17. The United Ohio Policies, subject to other terms and conditions, provide commercial general liability coverage via coverage form CG 00 01 12 07, which only applies to damages or injuries because of "bodily injury" or "property damage" resulting from an "accident" or "occurrence" as those terms are defined in the policies which takes place during the policy period. The policy provides in pertinent part:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages

for "bodily injury" or "property damage" to which this insurance does not apply.

* * *

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

**(3)** Prior to the policy period, no insured listed under Paragraph 1. of Section II-Who is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period. * * *

18. The United Ohio Policies define "occurrence" as:

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

19. The United Ohio Policies define "bodily injury" as:

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

20. The United Ohio Policies define "property damage" as:

**17.** "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

21. United Ohio questions whether some or all of the alleged "bodily injury" occurred during the period of time that the United Ohio Policies were in effect, whether any "bodily injury" was caused by an "occurrence" and whether any of the claimants or potential claimants sustained "bodily injury" or "property damage" as those terms are defined in the policies.

22. The United Ohio commercial general liability coverage form contain the following Exclusions applicable to Coverage A:

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

**b. Contractual Liability**

"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damage:

**(1)** That the insured would have in the absence of the contract or agreement; or

**(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

**(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

**(b)** Such attorney fees and litigation expenses are for defense of that party against civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

23. One or more of the foregoing exclusions may apply to preclude coverage under the commercial general liability coverage form for some or all of the damages sought in the Underlying Litigation.

24. The United Ohio Policies, subject to other terms and conditions, provide personal and advertising injury liability coverage via coverage form CG 00 01 12 07. The policy provides in pertinent part:

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply.

* * *

b. This insurance applies to "personal and advertising injury" caused by an offense arising out of your business but only if the offense was committed in the "coverage territory" during the policy period.

25. The United Ohio Policies define "personal and advertising injury" as:

**14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

a. False arrest, detention or imprisonment;

b. Malicious prosecution;

> c. The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; ***

26. United Ohio questions whether any "personal and advertising injury" occurred during the period of time that the United Ohio Policies were in effect and whether any of the claimants or potential claimants sustained "personal and advertising injury" as defined in the policies.

27. The United Ohio commercial general liability coverage form contain the following Exclusions applicable to Coverage B:

> This insurance does not apply to:
>
> **a. Knowing Violation Of Rights Of Another**
>
> "Personal and advertising injury" caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict "personal and advertising injury". * * *
>
> **b. Criminal Acts**
>
> "Personal and advertising injury" arising out of a criminal act committed by or at the direction of the insured.

28. One or more of the foregoing exclusions may apply to preclude coverage under the commercial general liability coverage form for some or all of the damages sought in the Underlying Litigation.

29. The United Ohio Policies do not provide coverage for any claim or claims for punitive damages, exemplary damages, fines, costs, interests or penalties asserted against an insured given that Ohio statutory law precludes insurance coverage for punitive damages as well as commercial general liability form IL UO 15 (12/15) contained in the United Ohio Policies which provides:

> This insurance policy, including any endorsements or coverage parts attached hereto, does not apply to:
>
> 1. Any punitive or exemplary damages, fines, costs, interests, or penalties, or
> 2. Any attorney fees as a result of punitive or exemplary damages, fines, costs, interests, or penalties.

30. United Ohio reserves the right to assert other provisions of the United Ohio Policies which may apply to preclude coverage as to some or all of the claims asserted against Joie Carr and Jeremy Carr as may be determined by discovery.

31. Based on the foregoing, the United Ohio Policies may not provide coverage to Joie Carr and Jeremy Carr for any claims or damages asserted against them in the Underlying Litigation.

WHEREFORE, United Ohio Insurance Company respectfully requests a declaration as to Joie Carr and Jeremy Carr and as to the United States of America that the United Ohio Policies do not provide coverage (defense or indemnity) to Joie Carr and Jeremy Carr for the claims and damages asserted against them in the Underlying Litigation. United Ohio Insurance Company further requests its costs herein and any other relief to which the Court deems United Ohio entitled.

Respectfully submitted,

***/s/ Matthew R. Planey***
**Matthew R. Planey (0066662)**
**Plunkett Cooney**
716 Mt. Airyshire Blvd., Suite 150
Columbus, OH 43235
Tel: (614) 629.3004
Fax: (248) 901.4040
MPlaney@plunkettcooney.com
*Attorney for Plaintiff United Ohio Insurance Company*